IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA COOKS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>　　　　Defendants. | Case No. 17-cv-02539-MMC<br><br>**ORDER AFFORDING WELLS FARGO BANK, N.A. OPPORTUNITY TO FILE SURREPLY; CONTINUING HEARING ON PLAINTIFF'S MOTION TO REMAND; VACATING HEARING ON WELLS FARGO BANK, N.A.'S MOTION TO DISMISS** |

　　　　Before the Court is plaintiff Linda Cooks' ("Cooks") Motion for Remand, filed May 17, 2017. Defendant Wells Fargo Bank, N.A. ("Wells Fargo, N.A.")[1] has filed opposition, to which Cooks has replied.[2] Having read and considered the papers filed in support of and in opposition to the motion, the Court, for the reasons stated below, finds it appropriate to afford Wells Fargo, N.A. an opportunity to file a surreply.

　　　　In her original complaint, Cooks alleged that defendants Wells Fargo Home Mortgage, Wells Fargo & Company, and Wells Fargo, N.A. collectively engaged in unlawful conduct in relation to a Wells Fargo "home loan" encumbering Cooks' "family home." (See Compl. at 2:1-4, ¶¶ 1, 10.) In particular, Cooks alleged that defendants engaged in a "predatory lending scheme[] and 'pick-a-pay' payment program which

---

[1] The other two defendants, Wells Fargo Home Mortgage and Wells Fargo & Company, have not appeared.

[2] Cooks failed to provide the Court with a chambers copy of her reply. Nonetheless, the Court has considered it. For future's reference, Cooks is reminded that, pursuant to Civil Local Rule 5-1(e)(7) and the Court's Standing Orders, parties are required to provide for use in chambers one paper copy of each document that is filed electronically.

negatively amortized her loan" (see id. ¶ 2), "strung [her] along" during a loan modification process, "amassing considerable fees at her expense" and "negligently mishandling her personal and financial information" as well as "her actual mortgage payments" (see id. ¶ 3), and "recorded a Notice of Default on [Cooks'] home" while "a decision was pending" on her "loan modification application" (see id. ¶ 4).

On May 3, 2017, Wells Fargo, N.A. removed the above-titled action on the asserted basis of diversity jurisdiction, contending its parent company, Wells Fargo & Company, which Cooks asserts "is a California corporation" (see Mot. at 6:17), was fraudulently joined. In particular, the Notice of Removal stated that Wells Fargo, N.A., not Wells Fargo & Company, was the entity that succeeded to Cooks' loan and that Cooks had pleaded "no specific allegations that connect Wells Fargo & Company to this case." (See Not. Removal at 5:1-2.)

In her motion, Cooks countered that Wells Fargo & Company has not been fraudulently joined and that she "is unable to distinguish between the entities as it relates to the servicing and handling of her loan." (See Mot. at 7:18-19.) After Wells Fargo, N.A. filed its opposition, however, Cooks filed an amended complaint with new allegations as to Wells Fargo & Company's involvement in the alleged misconduct (see First Amended Compl. ("FAC") at ¶¶ 11, 13, 14 (alleging, inter alia, defendants are "agents" and "alter ego[es]" of each other; further alleging Wells Fargo & Company "is a corporate parent that actively participated in, and exercised control over, the operations of its subsidiary's facility")), and, in her reply, relies on her new allegations as support for her argument that Wells Fargo & Company is a properly joined defendant against which Cooks can state a viable claim under California law.

As the above-referenced allegations and arguments were made in the first instance after the opposition had been filed, the Court will afford Wells Fargo, N.A. an opportunity to file, no later than June 29, 2017, a surreply, not to exceed ten pages in length, addressing those new allegations and arguments based thereon.

In light thereof, the hearing on the motion, currently set for June 23, 2017, is

2

hereby CONTINUED to July 14, 2017.

Lastly, as the Court must resolve the issue of subject matter jurisdiction prior to considering any other issues raised by the parties, the July 21, 2017 hearing on Wells Fargo, N.A.'s motion to dismiss the above-referenced FAC is hereby VACATED, and will be reset, if appropriate, following the Court's determination as to subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: June 19, 2017

MAXINE M. CHESNEY
United States District Judge